IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>SHANNON A. CHASE<br>8521 Potomac Creek Road<br>Laurel, MD 20724<br><br>Plaintiff,<br><br>vs.<br><br>NORDSTROMS, INC.<br>1700 Seventh Avenue<br>Suite 300<br>Seattle, Washington, 98101<br><br>Defendant | Civil No.:<br><br>CCB10CV2114 |

## MOTION TO VACATE ARBITRATION AWARD
## AND REMAND FOR HEARING

### PARTIES

Plaintiff, Shannon Chase is an individual and resident of Maryland, Anne Arundel County.

Defendant, Nordstroms, Inc. having a main office at 1700 Seventh Avenue, Suite 300, Seattle, Washington, 98101 is a corporation incorporated under the laws of the state of Washington, and is licensed to do business in State of Maryland.

At all relevant times, Defendant, Nordstroms, Inc. has continuously been a Washington Corporation doing business in the State of Maryland and at all relevant times, has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 2611(4)(A)(i):

1

## JURISDICTION AND VENUE

The jurisdiction of this court is invoked pursuant to 28 U.S.C 1391(c), 28 U.S.C 1332(a)(c)(1) and 28 U.S.C 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), and Federal Arbitration Act ("FAA ") 9 U.S.C. §§ 10(a), and 11, because the events giving rise to the claims herein occurred within this judicial district.

## BACKGROUND

This is a matter which arose out of Plaintiff's employment with the Defendant. The signed agreement (Exhibit 1) conditioned on Plaintiff's employment contained an arbitration provision to arbitrate matters relating to the Family Medical Leave Act of 1993.

On October 17, 2007, a dispute arose regarding whether defendant resigned while out on approved leave or whether she was wrongfully terminated.

Plaintiff filed a law suit with the American Arbitration Association ("AAA") (Exhibit 2) on January 29, 2009, citing wrongful termination, discrimination and retaliation while engaged in a protected activity pursuant to the Family Medical Leave Act of 1993. The Plaintiff in her law suit requested that she be paid back pay and front pay and punitive damages in the amount totaling $250,000.

That the Arbitrator granted Defendant's Summary Judgment and dismissed the Plaintiff's case without a fair hearing on the evidence.

## SELECTION OF ARBITRATOR

During the process selection of the Arbitrator, the parties could not jointly agree on the selection of an arbitrator to conduct the proceedings. On March 12, 2009, Ms. Verbena Askew was administratively selected as the Arbitrator in the matter by the Case Manager for the

America Arbitration Association ("AAA") and provided the parties with a copy of her appointment.

Per the rules promulgated by the AAA, Ms. Askew was required to conduct a conflicts check and disclose any professional relationships with counsel or any party or the firms for which they work (Exhibit 3). In completing the initial disclosure, Ms. Askew responded "no" to having any professional relationship with any of the parties or counsel.

### OBJECTION BY DEFENDANT TO APPOINTMENT OF ARBITRATOR

On March 12, 2009, the Defendant filed an Objection to the Appointment of the Arbitrator (Exhibit 4), citing that Ms. Askew had failed to disclose to AAA that a business relationship existed with their law firm in 1999. In the Defendants' Objection to the Appointment of the Arbitrator ("Objection") the Defendant stated:

> "In fact, even if Ms. Askew does not have direct knowledge that her failure to disclose this matter was raised by Nordstrom's Counsel, it will not be difficult for her to reach this conclusion Given the fact that no civil lawsuit was filed following the Submission of the Equal Employment Opportunity Commission ("EEOC") charge referenced in Ms. Askew's Supplemental Disclosure."

Plaintiff asserts that this statement is a red herring to cause the Plaintiff and her attorney to believe that the allegations that Ms. Askew was accused of in the EEOC complaint was investigated and determined to be unfounded and that the matter ended 11 years ago. Plaintiff asserts that the EEOC charge and civil trial against Ms. Askew was a well publicized matter (Exhibit 6), and that the Defendant's concerns relating to Ms. Askew determining that they released the information is unfounded.

1. The EEOC charge alleged to have occurred in 1999 resulted in the City of Hampton, paying Ms. Askew's accuser, Ms. Collins a $64,000 settlement.

2. That in 2005 a civil suit was brought against Ms. Askew in relation to the EEOC charge, for breaching the confidential agreement of the settlement, causing charges of breach of confidentially and non-disparagement agreement to be filed against Ms. Askew in James City County Circuit Court.

3. That the initial and supplemental disclosures by Ms. Askew during the Arbitrator selection process failed to disclose that a civil case was scheduled to be heard relating to other charges against Ms. Askew stemming from the EEOC charge, which was scheduled to be heard on January 29, 2010.

**Section 10(a)(2)–Evident Partiality or Corruption of the Arbitrator**

At no time during the selection and disclosure process did Ms. Askew disclose to the AAA or any of the parties that she was named a party in a civil case relating out of the EEOC case from 1999, and whether it may be probable that the investigation conducted by the Defendant's attorney may be used to exonerate her during the civil case that was pending to be heard on January 29, 2010.

In another matter, Ms. Askew failed to disclose in 2003 to the Senate Committee for review in her reappointment as judge in 2003 that she was a named party in a civil matter, which resulted in Ms. Askew, being voted off the bench as Circuit Court Judge for failing to fully disclose on her judicial reappointment that she was a party to a civil proceeding relating to a claim of sexual harassment by a female colleague.

This also was not mentioned in Ms. Askew's initial or supplemental disclosure statement during the selection process, including the charge that she committed conspiracy.

The Plaintiff's attorney, based upon the information or lack thereof, contained in the Supplemental Disclosure by Ms. Askew that the allegations pertained in the EEOC was

4

investigated by Eva Tajian-Brown, an attorney at McQuire Woods concluded that the allegations were unfounded. However, this was not the actual facts, as the City of Hampton settled the EEOC case against Ms. Askew for $64,000.

Plaintiff argues that Ms. Askew, throughout the disclosure process relating to her selection as arbitrator failed to disclosed pertinent information to the parties that would have provided a different outcome from her being chosen.

On January 29, 2010, Ms. Askew was found guilty in the civil case relating to the EEOC charge by a seven-member jury for defamation and breach of contract on January 29, 2010, and a judgment against Ms. Askew in the amount of $456,000 (300,000 compensatory damages, $50,000 for punitive damages and $50,000 for the defamation and $106,000 for attorney's fees and costs related to the breach of the 2001 agreement's confidentiality and non-disparagement terms.

Ms. Askew provided in her disclosure that her business relationship with the Defendant's law firm had been severed in 1999, however, given that Ms. Askew has failed to disclose pertinent information relating to her prior business relationship with the Defendant's law firm, creates doubt that Ms. Askew ever severed her business relationship with the Defendant's law firm, or whether she provided full and complete disclosure during the selection process. This amounts to evidence of partiality sufficient to warrant her disqualification. See Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 149 (1968). In Commonwealth Coatings, the Supreme court noted:

> It is true that arbitrators cannot sever all their ties with the business world, since they are not expected to get all their income from their work deciding cases, but we should, if anything, be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to

> appellate review. We can perceive no way in which the effectiveness
> of the arbitration process will be hampered by the simple requirement
> that arbitrators disclose to the parties any dealings that might create
> an impression of possible bias.

Ms. Askew provided a supplemental disclosure statement (Exhibit 5), that stated that the "allegations filed in an EEOC complaint were concluded to have been unfounded", but failed to fully disclose that

1. In 2001 the City of Hampton, Virginia based upon the investigation conducted by the Defendant's law firm settled the EEOC case for $64,000 against Ms. Askew.

2. In 2003 the Senate Committee had subpoenaed the City of Hampton for related records contained in the investigation conducted by the Defendant's law firm during Ms. Askew's reappointment to the bench as Judge. This investigation by the Senate Committee found that Ms. Askew failed to disclose on her judicial questionnaire that she had been a party to a civil proceeding.

3. That she failed to disclose that there was a civil law suit relating to the EEOC claims pending in the James City County Circuit Court set to be heard on January 29, 2010.

Plaintiff argues that even after being provided with a second opportunity to provide full disclosure relating to her business relationship with the Defendant's law firm, Ms. Askew failed to provide full disclosure.

This failure to disclose pertinent information changed the outcome of whether the Plaintiff's attorney would have objected to Ms. Askew's selection as the Arbitrator in the matter. Plaintiff's attorney would have been entitled to file an opposition to disqualify her within 15 days after the supplemental disclosure statement was received had the Plaintiff been notified of

the pending civil case relating to the EEOC charge from 1999 on the basis that testimony by the attorney at the Defendant's law firm may be required.

Under § 10(a)(4) The Federal Arbitration Act gives federal district courts the power to vacate an arbitration award if the arbitrator was biased. An Arbitrator must disqualify themselves for bias or prejudice as in any action in which they would be required under 28 U.S.C. § 455 to disqualify themselves if they were a justice, judge, or magistrate judge if, "for any reason[,] . . . a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

Ms. Askew did not disqualify herself from the proceedings rather she continued to proceed with the selection process without providing further disclosure to the parties of her pending civil action which may require the testimony of the attorney at Defendant's law firm.

A party who does not move to disqualify an arbitrator prior to the commencement of arbitration may nevertheless seek vacation of an arbitration order on the ground that the arbitrator failed to disclose within the time required for disclosure is a ground for disqualification.

At the very least, the Plaintiff was entitled to the functional equivalent of the disclosure mandated by statute, i.e., an explicit, formal proffer of the disqualifying information and an opportunity to object.

To demonstrate evident partiality, "the challenging party must show that a reasonable person would have to conclude that an arbitrator was partial to the other party or the arbitration." *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 306 (6th Cir. 1998) (citations omitted).

Pursuant to Section 10 of the Federal Arbitration Act, a court can vacate an arbitration order if the method provided by the parties' agreement for selecting arbitrators is not followed

because the award would have been made by arbitrators not appointed in accordance with the method provided by the parties' contract.

The Plaintiff argues that she was not afforded an opportunity to respond to the allegations contained in the Defendant's Response to Plaintiff's Opposition to Summary Judgment as the Arbitrator forwarded her decision, which dismissed Plaintiff case before the Plaintiff could respond. That prior to dismissing the Plaintiff's case, there were still outstanding motions that had not been ruled upon that was relative to Plaintiff's response to Defendant's Response to Plaintiff Opposition to Summary Judgment.

### Arbitrator Conduct

Plaintiff contends that the conduct of Ms. Askew, the designated arbitrator chosen by the AAA Case Manager was sufficiently inappropriate to constitute evident partiality and prejudicial misconduct in violation of § 10(a)(2) and (a)(3) of the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

Plaintiff argues that the burden of avoiding even the appearance of bias and that the mere possibility of bias is sufficient to justify a finding of evident partiality. *See Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968) (Rule requiring neutral arbitrators to disclose any substantial relationships they may have with the arbitration parties is based on the premise of avoiding the appearance of bias.). The Eleventh Circuit has addressed the issue of a neutral arbitrator's conduct and found that any conduct that creates "a reasonable appearance of bias" warrants setting aside an arbitration award on the ground of "evident partiality." *See Middlesex Mutual Ins. Co. v. Levine,* 675 F.2d 1197 (11th Cir.1982); *Lozano v. Maryland Casualty Company,* 850 F.2d 1470 (11th Cir.1988).

## Legal Analysis

This court has jurisdiction to vacate or modify an Order pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 10(a) and 11, which states in part Section 10(a): In any of the following cases the United States court in and for the district upon the application of any party to the arbitration where the award was procured by corruption, fraud, or undue means. (2) Where there was evident partiality or corruption in the arbitrators, or either of them. (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. (5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

Based on well-settled principles of U.S. arbitration law and precedent, this Court should vacate the Order dismissing this case because the Arbitrator engaged in misconduct by effectively refusing to hear and consider evidence pertinent and material to the controversy; engaged in misbehavior by which the Plaintiff's rights have been prejudiced.

Further, by granting summary judgment without a hearing on the merits, Plaintiff was not afforded a fair trial to present evidence that the October 23, 2007 interfered with her protected activity.

Plaintiff was not afforded an opportunity to present evidence at trial. That by granting Defendant's summary judgment and dismissing the case, Plaintiff was deprived of a fair hearing

on the evidence that would have allowed her to provide witnesses that would testify to the contrary.

The granting of Defendant's summary judgment is invalid and is not an "arbitration order" that federal law recognizes, because the "failure to conduct a hearing" is "tantamount to no arbitration." (See Bates v. McQueen, 270 Va. 95, 613 S.E. 2d 566 (2005) (decided regarding the Virginia Arbitration Act but directly applicable to the Federal Arbitration Act).

Plaintiff moved this court to vacate the Order and Remand the case to Arbitration pursuant to § 10 which provides that a district court may vacate an arbitral award in certain limited circumstances, including: (2) Where there was evident partiality or corruption in the arbitrators, or either of them. (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. 9 U.S.C. § 10(a).

Wherefore the Plaintiff respectfully requests that:

1. The court vacate the Arbitrator's Order dismissing Plaintiff case.
2. That the Plaintiff's case be Remanded for a fair hearing on the actual merits of the case by a neutral Arbitrator.
3. For any other relief that the Court deems just and proper.

                                                  Respectfully submitted,

                                                  Shannon A. Chase
                                                  8521 Potomac Creek Road
                                                  Laurel, MD 20724
                                                  (240) 294-6740

Dated: July 30, 2010

Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing has been served upon Defendant's representative:

Jennifer Bucher
Nordstrom, Inc.
1700 7th Avenue, 10th Floor
Seattle, WA 98101-4407

Rhonda B. Esaw
McGuire Woods, LLP
1750 Tysons Boulevard, Ste 1800
McLean, VA 22102-4215

_____
Shannon Chase