IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>SHANNON A. CHASE<br>8521 Potomac Creek Road<br>Laurel, MD 20724<br><br>    Plaintiff,<br><br>  vs.<br><br>NORDSTROMS, INC.<br>1700 Seventh Avenue<br>Suite 300<br>Seattle, Washington, 98101<br><br>    Defendant | Civil No.: 10CV02114CCB |

## MOTION TO VACATE ARBITRATION AWARD
## AND REMAND FOR HEARING

### PARTIES

  Plaintiff, Shannon Chase is an individual and resident of Maryland, Anne Arundel County.

  Defendant, Nordstroms, Inc. having a main office at 1700 Seventh Avenue, Suite 300, Seattle, Washington, 98101 is a corporation incorporated under the laws of the state of Washington, and is licensed to do business in State of Maryland.

  At all relevant times, Defendant, Nordstroms, Inc. has continuously been a Washington Corporation doing business in the State of Maryland and at all relevant times, has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 2611(4)(A)(i):

1

## JURISDICTION AND VENUE

The jurisdiction of this court is invoked pursuant to 28 U.S.C 1391(c), 28 U.S.C 1332(a)(c)(1) and 28 U.S.C 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), and Federal Arbitration Act ("FAA ") 9 U.S.C. §§ 10(a)(1)(2)(3), and because the events giving rise to the claims herein occurred within this judicial district.

## BACKGROUND

This is a matter which arose during the course of Plaintiff's employment with the Defendant while the Plaintiff was out on approved leave after seriously injuring herself pursuant to the Family Medical Leave Act of 1993 (Exhibit 8).

Plaintiff filed a law suit with the American Arbitration Association ("AAA") (Exhibit 2) on January 29, 2009, pursuant to a signed agreement to arbitrate matters pertaining to the Family Medical Leave Act of 1993 (Exhibit 1), alleging wrongful termination, discrimination and retaliation while engaged in a protected activity pursuant to the Family Medical Leave Act of 1993, and back pay and front pay and punitive damages in the amount totaling $250,000.

The Arbitrator granted Defendant's Summary Judgment and dismissed the Plaintiff's case without a fair hearing on the evidence submitted during the motion phase of the arbitration, and without ruling on a motion for discovery that was pending relative to Plaintiff's response to Defendant's motion for summary judgment.

The same day the Arbitrator handed out her decision in the case, the Plaintiff received information pertaining to a potential conflict of bias and evidence of impartiality with the Arbitrator in the matter. The Plaintiff contacted the AAA, but was informed that it was too late to do anything.

## SELECTION OF ARBITRATOR

During the process selection of the Arbitrator in the matter the parties could not jointly agree on the selection of an arbitrator to conduct the proceedings. On March 12, 2009, pursuant to the terms guiding the process, the Case Manager for the American Arbitration Association administratively selected Ms. Verbena Askew as the Arbitrator (Exhibit 9).

After being administratively selected, per the rules promulgated by the AAA, Ms. Askew was required to conduct a conflicts check and disclose any professional relationships with counsel or any party or the firms for which they work (Exhibit 3). In completing this disclosure, Ms. Askew responded "no" to question number 3, (Had you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work?).

## OBJECTION BY DEFENDANT TO APPOINTMENT OF ARBITRATOR

On March 12, 2009, the Defendant's attorney filed an Objection to the Appointment of the Arbitrator (Exhibit 4), alleging that Ms. Askew had failed to disclose to AAA and the parties that a business relationship existed with their law firm in 1999. In the Defendants' Objection to the Appointment of the Arbitrator ("Objection") the Defendant stated:

> "In fact, even if Ms. Askew does not have direct knowledge that her failure to disclose this matter was raised by Nordstrom's Counsel, it will not be difficult for her to reach this conclusion Given the fact that no civil lawsuit was filed following the Submission of the Equal Employment Opportunity Commission ("EEOC") charge referenced in Ms. Askew's Supplemental Disclosure."

This statement was a red herring and its sole purpose is to cause the Plaintiff and her attorney, Ms. Cresta-Savage to believe that the allegations that Ms. Askew was accused of in the EEOC complaint was investigated in 1999 by an attorney at the Defendant's law firm and determined to be unfounded and that there was not civil lawsuit pending or filed.

This statement caused the Plaintiff attorney to believe that no further issues were still pending relating to the EEOC charge and the issue was investigated and unfounded.

The Plaintiff's (Exhibit 6), are newspaper articles found on the internet relating to the EEOC charge and the civil case against Ms. Askew. According to these news articles, the matter regarding Ms. Askew's EEOC charge was a matter that was settled by the City of Hampton under a confidential agreement was disclosed to the media by Ms. Askew, which was the basis of the civil law suit against her. The EEOC charge and civil law suit was a well publicized matter that was ongoing even during the filing of Defendant's Objection, and based upon the numerous articles on the web, the EEOC charge and civil suit was not a matter known only to the Defendant's law firm.

Ms. Askew filed a supplemental disclosure with AAA (Exhibit 5) which asserted that the EEOC charge was investigated by an attorney at the Defendant's law firm and resulted in the allegations being unfounded is not true. That the EEOC charge against Ms. Askew in 1999 resulted in the City of Hampton, paying Ms. Askew's accuser, Ms. Collins a $64,000 settlement pursuant to a signed confidential agreement in 2001, which was breached by Ms. Askew, and the basis for the civil lawsuit against her.

Contrary to both the Defendant and Ms. Askew allegations that the investigation conducted by the Defendant's law firm regarding the EEOC charge against Ms. Askew was unfounded, an investigation conducted by the Virginia Employment Commission found the allegations to be true (Exhibit 6, pp 4).

In 2003 when Ms. Askew was up for reappointment for Judge, the Senate Committee who reviewed her reappointment application subpoenaed the City of Hampton for related records contained in the investigation conducted by the Defendant's law firm. This investigation by the

Senate Committee according to documents contained in (Exhibit 6, pp. 4) found that Ms. Askew failed to disclose on her judicial questionnaire that she had been a party to a civil proceeding.

In 2004, attorneys for Ms. Collins, Ms. Askew's accuser in the EEOC Charge, filed a law suit against her for breaching that confidential agreement. The law suit was filed in James City County Circuit Court was summarily set for hearing on January 29, 2010.

### Section 10(a)(2)–Evident Partiality or Corruption of the Arbitrator

At no time during the selection and disclosure process did Ms. Askew disclose to the AAA or any of the parties that she was named as a party in a civil case relating out of the EEOC case from 1999, and whether the investigation conducted by the Defendant's law firm may or may not be used in her defense at the civil trial. Given that the investigation conducted by the attorney at the Defendant's law firm was the only person who had investigated the EEOC charge and spoke with Ms. Askew's accuser, there existed a presumption that the investigation conducted by the Defendant's attorney may require the attorney to testify at the civil case that was pending to be heard on January 29, 2010.

The fact that the civil matter that was pending against Ms. Askew failed to disclose in her initial or supplemental disclosure statement during the Arbitrator selection process or any disclosure of whether the investigation conducted by the Defendant's law firm would be needed to exonerate Ms. Askew in her pending civil suit relating to the EEOC charge shows a disregard for Plaintiff's right to full and complete disclosure to her business relationships with the Defendant's law firm.

The Plaintiff's attorney, Pat Cresta-Savage, based upon the information contained in the Supplemental Disclosure relating to the business relationship between the Defendant and the Arbitrator did not object to Ms. Askew's appointment (Exhibit 7), but stated that:

> " Any perceived conflict can be resolved through a
> Hearing via teleconference"

Throughout the disclosure process relating to Ms. Askew's selection as Arbitrator she failed to disclosed pertinent information relating to her business relationship with the Defendant's law firm as it related to her pending civil trial impeded the disclosure process that would have resulted in the Plaintiff's attorney objecting to her selection had Ms. Askew provided full disclosure, and to Ms. Askew not being chosen as the Arbitrator.

On January 29, 2010, in her civil case relating to the EEOC charge her, Ms. Askew received a judgment against her by a seven-member jury for defamation and breach of contract in the amount of $456,000 related to the breach of the 2001 agreement's confidentiality and non-disparagement terms.

Ms. Askew in her supplemental disclosure failed to disclose pertinent information relating to whether her prior business relationship with the Defendant's law firm would continue due to her civil case, raises doubt as to whether her business relationship with the Defendant's law firm was still ongoing due to the civil matter pending.

In Section 18 of the Rules of the American Arbitration Association, in effect at the time of this arbitration, is highly significant provided as follows:

> Disclosure by Arbitrator of Disqualification - At the time of receiving his notice of appointment, the prospective Arbitrator is requested to disclose any circumstances likely to create a presumption of bias or which he believes might disqualify him as an impartial Arbitrator. Upon receipt of such information, the Tribunal Clerk shall immediately disclose it to the parties, who if willing to proceed under the circumstances disclosed, shall, in writing, so advise the Tribunal Clerk. If either party declines to waive the presumptive disqualification, the vacancy thus created shall be filled in accordance with the applicable provisions of this Rule."

Based on the same principle as this Arbitration Association rule is that part of the 33d Canon of Judicial Ethics which provides:

> ". . . [A judge] should, however, in pending or prospective litigation before him be particularly [393 U.S. 145, 150] careful to avoid such action as may reasonably tend to awaken the suspicion that his social or business relations or friendships, constitute an element in influencing his judicial conduct."

This rule of arbitration and this canon of judicial ethics rest on the premise that any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias. See Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 149 (1968).

Ms. Askew could not foresee whether her pending civil action would require the testimony of the attorney at Defendant's law firm, and did not disqualify herself from the proceedings rather provided a supplemental disclosure that still did not contain full disclosure of her pending civil case to the parties, rather she continued to proceed with the selection process.

The Federal Arbitration Act Section 10(a)(4) gives federal district courts the power to vacate an arbitration order or award if the arbitrator was biased or for evident impartiality. To demonstrate evident partiality, "the challenging party must show that a reasonable person would have to conclude that an arbitrator was partial to the other party or the arbitration." *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 306 (6th Cir. 1998) (citations omitted). Even if a party does not move to disqualify an arbitrator prior to the commencement of arbitration may nevertheless seek vacation of an arbitration award on the ground that the arbitrator failed to disclose within the time required for disclosure is a ground for disqualification.

At the very least, the Plaintiff was entitled to the functional equivalent of the disclosure mandated by statute, i.e., an explicit, formal proffer of the disqualifying information and an

opportunity to object. In this case, the Plaintiff's attorney was not provided with sufficient disclosure to object to the selection of Ms. Askew as arbitrator.

That prior to granting summary judgment that dismissed the Plaintiff's case, there were still outstanding motions that had not been ruled upon that was relative to Plaintiff's response to Defendant's Response to Plaintiff Opposition to Summary Judgment.

### Arbitrator Conduct

Plaintiff contend that the conduct of Ms. Askew was sufficiently inappropriate and constitutes evident partiality and prejudicial misconduct in violation of the Federal Arbitration Act § 10(a)(2) and (a)(3).

Plaintiff argues that the burden of avoiding the appearance of bias and that the mere possibility of bias is sufficient to justify a finding of evident partiality. *See Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S. Ct. 337, 21 L.Ed.2d 301 (1968) (Rule requiring neutral arbitrators to disclose any substantial relationships they may have with the arbitration parties is based on the premise of avoiding the appearance of bias.). The Eleventh Circuit has addressed the issue of a neutral arbitrator's conduct and found that any conduct that creates "a reasonable appearance of bias" warrants setting aside an arbitration award on the ground of "evident partiality." *See Middlesex Mutual Ins. Co. v. Levine,* 675 F.2d 1197 (11th Cir.1982); *Lozano v. Maryland Casualty Company,* 850 F.2d 1470 (11th Cir.1988).

### Legal Analysis

This court has jurisdiction to vacate or modify an order pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 10(a) and 11, which states in part Section 10(a):

> In any of the following cases the United States court in and for the district upon the application of any party to the arbitration where the award was procured by corruption, fraud, or undue means. (2)

8

> Where there was evident partiality or corruption in the arbitrators, or either of them. (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. (5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

Based on well-settled principles of U.S. arbitration law and precedent, this Court should vacate the Order (Exhibit 10) dismissing this case because the Arbitrator engaged in misconduct by effectively refusing to hear and consider evidence pertinent and material to the controversy; engaged in misbehavior by which the Plaintiff's rights have been prejudiced.

By granting summary judgment without a hearing on the merits Plaintiff was not afforded a fair trial to present evidence at trial and was deprived of a fair hearing on the evidence. The granting of Defendant's summary judgment is invalid and is not an "arbitration order" that federal law recognizes, because the "failure to conduct a hearing" is "tantamount to no arbitration." (See Bates v. McQueen, 270 Va. 95, 613 S.E. 2d 566 (2005) (decided regarding the Virginia Arbitration Act but directly applicable to the Federal Arbitration Act).

The Federal Rules of Arbitration and 9 U.S.C. § 10(a), provides that a district court may vacate an arbitral award in certain limited circumstances, including: (2) Where there was evident partiality or corruption in the arbitrators, or either of them. (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

Wherefore, the Plaintiff respectfully request that this Honorable court:

1. Vacate the Arbitrator's Order dismissing Plaintiff.

2. That the Plaintiff's case be remanded for a fair hearing by a neutral Arbitrator(s).

3. For any other relief that the Court deems just and proper.

Respectfully submitted,

Shannon A. Chase, Pro Se
8521 Potomac Creek Road
Laurel, MD 20724
(240) 294-6740

Dated: July 30, 2010