IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHANNON A. CHASE  :
:
:
v. : Civil No. CCB-10-2114
:
:
NORDSTROM, INC. :
:
:

# MEMORANDUM

Shannon Chase submitted a demand for arbitration against Nordstrom, Inc. pursuant to its dispute resolution program alleging a violation of the Family and Medical Leave Act ("FMLA"). Now pending before the court is the plaintiff's motion to vacate the arbitration award in favor of the defendant. For the reasons stated below, the plaintiff's motion will be denied.

# BACKGROUND

Ms. Chase began employment at Nordstrom's Columbia, Maryland store in April 2006 as a salesperson in the Brass Plum shoe department. On August 7, 2007, Ms. Chase submitted a request for FMLA leave following a knee injury she sustained at home. She was approved for a leave of absence under the FMLA from August 8, 2007 through October 23, 2007.[1] Following the expiration of her approved leave of absence, Ms. Chase neither requested additional leave, nor contacted Nordstrom regarding her intent to return to work. After attempting to get in touch with Ms. Chase on two occasions, Nordstrom terminated Ms. Chase's employment on January 7, 2008.

On January 6, 2009, Ms. Chase submitted a demand for arbitration to the American

1

Arbitration Association ("AAA") pursuant to Nordstrom's dispute resolution program alleging a violation of the FMLA. After the parties failed to mutually agree on an arbitrator, the AAA appointed Verbena M. Askew to preside over the arbitration. As part of the appointment process, Ms. Askew submitted a conflicts questionnaire in which she responded "no" to the question regarding whether she had "any professional or social relationship with counsel for any party in this proceeding or the firms for which they work." (Def.'s Ex. W at 1.) Nordstrom's outside counsel, McGuireWoods LLP, filed an objection to the appointment of Ms. Askew based on her failure to disclose a prior professional relationship between the law firm and Ms. Askew. (*See* Def.'s Ex. X at 2.) Specifically, Ms. Askew failed to disclose that McGuireWoods previously represented the City of Hampton in a matter involving allegations of employment discrimination under Title VII of the Civil Rights Act during Ms. Askew's service as a Circuit Court Judge. (*See id.*) An attorney from McGuireWoods conducted an investigation on behalf of the City and concluded that the allegations were unfounded. In response to Nordstrom's objection, Ms. Askew filed a supplemental disclosure regarding her professional relationship with McGuireWoods. (*See* Def.'s Ex. Y.) Despite Ms. Askew's supplemental disclosure, Nordstrom reasserted its objection to Ms. Askew's appointment, (*see* Def.'s Ex. X at 3 ¶ 4); however, neither the plaintiff nor her counsel objected to Ms. Askew's appointment at any time.

Following the completion of discovery, Nordstrom moved for summary judgment pursuant to its dispute resolution program. Ms. Askew granted Nordstrom's motion in an order dated April 28, 2010. The AAA sent the order to parties by email on April 30, 2010. (*See* Def.'s Ex. D).

---

[1] The approval process for Ms. Chase's leave of absence was outsourced to the Metropolitan Life Insurance Company.

On July 30, 2010, Ms. Chase filed the pending motion to vacate the arbitration award, arguing that the arbitrator's conduct demonstrated "evident partiality." (*See* Pl.'s Mot. to Vacate at 8). She also complained that the arbitrator issued summary judgment rather than hearing evidence. On August 16, 2010, the court granted her motion to proceed *in forma pauperis* and directed the United States Marshal's Office to effect service of process on the defendant. Nordstrom received the plaintiff's complaint on August 31, 2010, and has opposed the plaintiff's motion to vacate.

## **ANALYSIS**

The Federal Arbitration Act ("FAA") requires a party moving to vacate an arbitration award to serve the opposing party with notice of the motion within three months after the award is filed or delivered. 9 U.S.C. § 12. A motion to vacate filed or served after this three-month period is time barred. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (adopting the rule that an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm because the three-month period had expired); *see also Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 177-78 (4th Cir. 2007). Here, the arbitration order was issued on April 28, 2010. The AAA transmitted the order to both parties on April 30, 2010.[2] Ms. Chase filed the pending motion to vacate the arbitration award on July 30, 2010, the last day of the three-month period prescribed by the FAA. Notice was served upon the defendant one month later, on August 31, 2010. Thus, while Ms. Chase filed her complaint within the three

---

[2] Ms. Chase contends that she did not receive the order from the AAA until May 13, 2010. (*See* Pl.'s Reply at 2; Pl.'s Ex. 12). The evidence shows, however, that the AAA forwarded Ms. Askew's order to both parties on April 30, 2010. (*See* Def.'s Ex. D). Indeed, the plaintiff does not deny that her email address is listed on the email dated April 30, 2010. Moreover, even if Ms. Chase did not receive the order until May 13, 2010, she would have had to serve the defendants with notice of her motion to vacate by August 13, 2010. Because she did not do so until August 31, 2010, she was not in compliance with the time limitation period set forth in the FAA.

3

month period, she failed to give notice to the defendant within the prescribed limitation as required by the FAA.

Ms. Chase is not entitled to an exception to the time limitation set forth in the FAA for good faith or due diligence because she filed her complaint within the three-month period but was unable to achieve service of process. The Fourth Circuit has not yet recognized equitable exceptions to the FAA's three-month deadline for serving a motion to vacate upon an adverse party. *See Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors*, 647 F. Supp. 2d 587, 594 (D. Md. 2009) ("The Fourth Circuit has strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act."); *see also Taylor*, 788 F.2d at 225 ("The existence of any such exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there is no common-law analogue to enforcement of an arbitration award.").[3] Even if equitable exceptions to the three-month limitation period were recognized, however, there is no evidence that Ms. Chase acted with due diligence or good faith. She waited until the very last day within the prescribed time period to file her complaint with the court, leaving no time for her to serve notice upon the defendant through her own means or for the court to assist her with service of process.

---

[3] Only one reported federal case has recognized a due diligence exception to the three-month limitation set forth in the FAA. *See Holodnak v. Avco Corp.*, 381 F. Supp. 191, 197 (D. Conn. 1974) (recognizing a due diligence exception where the plaintiff filed his complaint within the three-month period, sought to obtain a substitute means of perfecting service after being notified that the U.S. Marshal's Office was overloaded, and ultimately served the defendant within one day of the prescribed time period). The court in *Holodnak*, however, rested its decision on an alternative ground, concluding that because the last day of the limitations period fell on a Sunday, service upon the defendant was actually timely. *Id.* at 198; *see also Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 601 n. 5 (8th Cir. 1981) (holding that even in light of *Holodnak*, the existence of a "due diligence" exception may be questioned); *Hobet Mining, Inc. v. Int'l Union, United Mine Workers of America*, 877 F. Supp. 1011 (S.D. W. Va. 1994) (emphasizing the limited precedential value of *Holodnak*).

4

Accordingly, the plaintiff's motion to vacate the arbitration award will be denied as untimely.[4]

A separate Order follows.

November  17, 2010                                /s/
Date                                               Catherine C. Blake
                                                    United States District Judge

---

[4] Even if Ms. Chase's motion were timely, she has failed to meet the high standard necessary to show evident partiality. *See, e.g.*, *ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493, 500-01 (4th Cir. 1999); *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 146 (4th Cir. 1993).